1

Honorable James L. Robart

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9  | PUGET SOUND SURGICAL CENTER            No. 2:17-cv-01190
   | P.S.,
10 |                                        **AMENDED STIPULATED**
   |              Plaintiff,                 **PROTECTIVE ORDER**
11 |
   |      v.
12 |
   | AETNA LIFE INSURANCE COMPANY,
13 | AETNA, INC., AMTRAK HEALTH CARE
   | PLAN, ANCHORAGE SCHOOL
14 | DISTRICT ACTIVE EMPLOYEE OPEN
   | CHOICE PPO MEDICAL PLAN,
15 | BECHTEL JACOBS COMPANY LLC
   | HEALTH AND WELFARE PLAN, STATE
16 | OF ALASKA ALASKACARE
   | EMPLOYEE HEALTH PLAN, BANK OF
17 | AMERICA HEALTH CARE PLAN,
   | NORDSTROM, INC. CLASSIC PLAN,
18 | STARBUCKS HEALTH CARE PLAN,
   | COSTCO WHOLESALE HEALTH PLAN,
19 | SOUND HEALTH AND WELLNESS
   | TRUST PLAN, WESTCO HEALTH
20 | PLAN, LOCKHEED MARTIN
   | CORPORATION TOTAL HEALTH
21 | PLAN, and ADOBE SYSTEMS, INC.
   | GROUP WELFARE PLAN
22 |
   |              Defendant.
23

24

25

26

27

28                                        **GORDON REES SCULLY**
                                          **MANSUKHANI, LLP**
                                          701 5th Avenue, Suite 2100
   AMENDED STIPULATED PROTECTIVE ORDER - 1   Seattle, WA  98104
                                          Ph: 206-695-5100
   Case No. No. 2:17-cv-01190             Fax: 206-689-2822
   HOU:3840216.1

1   1.   PURPOSES AND LIMITATIONS

2   Discovery in this action is likely to involve production of confidential, proprietary, or

3   private information for which special protection may be warranted. Accordingly, the parties

4   hereby stipulate to and petition the court to enter the following Amended Stipulated Protective

5   Order.[1] The parties acknowledge that this agreement is consistent with LCR 26(c). It does not

6   confer blanket protection on all disclosures or responses to discovery, the protection it affords

7   from public disclosure and use extends only to the limited information or items that are

8   entitled to confidential treatment under the applicable legal principles, and it does not

9   presumptively entitle parties to file confidential information under seal.

10  2.   "CONFIDENTIAL" MATERIAL

11  "Confidential" material shall include the following documents and tangible things

12  produced or otherwise exchanged: commercially sensitive or proprietary information and

13  protected health care information related to the medical claims at issue in the litigation that is

14  deemed private under federal and state law, including but not limited to the Health Insurance

15  Portability and Accountability Act of 1996 and regulations promulgated thereunder

16  ("HIPAA") and/or Chapter 70.02 of the Revised Code of Washington.

17  The parties acknowledge that certain confidential material relating to the specific

18  medical claims at issue in this litigation may be Protected Health Information ("PHI") as

19  defined by HIPAA and the regulations promulgated thereunder. Pursuant to 45 C.F.R.

20  § 164.512 and this order, the parties are authorized to receive, request, transmit, or disclose

21  PHI concerning the specific medical claims at issue in this litigation, subject to all terms of

22  this order. All PHI disclosed under this order must be designated as confidential material. PHI

23  shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other

24  documents or records that contain any patient health information required to be kept

25

26  [1] The Anchorage School District Active Employee Open Choice PPO Medical Plan has been dismissed from the
27  case per order dated March 6, 2018 and is no longer a party to the action. (Docket No. 61.)

**GORDON REES SCULLY**
28  **MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
AMENDED STIPULATED PROTECTIVE ORDER - 2   Seattle, WA 98104
Ph: 206-695-5100
Case No. No. 2:17-cv-01190   Fax: 206-689-2822
HOU:3840216.1

confidential under any state or federal law, including the following subscriber, patient, or member identifiers:

    a.     names;

    b.     all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    c.     all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    d.     telephone numbers;

    e.     fax numbers;

    f.     electronic mail addresses;

    g.     social security numbers;

    h.     medical record numbers;

    i.     health plan beneficiary numbers;

    j.     account numbers;

    k.     certificate/license numbers;

    l.     vehicle identifiers and serial numbers, including license plate numbers;

    m.     device identifiers and serial numbers;

    n.     web universal resource locators ("URLs");

    o.     internet protocol ("IP") address numbers;

    p.     biometric identifiers, including finger and voice prints;

    q.     full face photographic images and any comparable images; and/or

    r.     any other unique identifying number, characteristic, or code.

This order does not authorize the disclosure of PHI under any other circumstances.

      The parties further acknowledge that certain confidential material relating to the specific medical claims at issue in this litigation may contain health care information deemed

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

1  personal and sensitive information under Washington law, including but not limited to

2  treatment records and/or information and records related to mental health services. *See, e.g.,*

3  Wash. Rev. Code §§ 70.02.005, 70.02.010, 70.02.230. Pursuant to the terms of this order, the

4  parties are authorized to receive, request, transmit, or disclose such health care information

5  with respect to the specific medical claims at issue in this litigation, subject to all terms of this

6  order. All health care information disclosed under this order must be designated as

7  confidential material. This order does not authorize the disclosure of health care information

8  under any other circumstances.

9       Notwithstanding the foregoing, neither party may be compelled to disclose information

10  and records related to sexually transmitted diseases unless specifically authorized by the

11  patient and/or upon further order of this court after application showing good cause therefor.

12  *See* Wash. Rev. Code § 70.02.220.

13  3.    SCOPE

14       The protections conferred by this agreement cover not only confidential material (as

15  defined above), but also (1) any information copied or extracted from confidential material;

16  (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

17  testimony, conversations, or presentations by parties or their counsel that might reveal

18  confidential material.

19       However, the protections conferred by this agreement do not cover information that is

20  in the public domain or becomes part of the public domain through trial or otherwise.

21  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

22       4.1    Basic Principles. A receiving party may use confidential material that is

23  disclosed or produced by another party or by a non-party in connection with this case only for

24  prosecuting, defending, or attempting to settle this litigation. Confidential material may be

25  disclosed only to the categories of persons and under the conditions described in this

26  agreement. Confidential material must be stored and maintained by a receiving party at a

27

28

AMENDED STIPULATED PROTECTIVE ORDER - 4

Case No. No. 2:17-cv-01190
HOU:3840216.1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

1  location and in a secure manner that ensures that access is limited to the persons authorized

2  under this agreement.

3      4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

4  ordered by the court or permitted in writing by the designating party, a receiving party may

5  disclose any confidential material only to:

6          (a)   the receiving party's counsel of record in this action, as well as

7  employees of counsel to whom it is reasonably necessary to disclose the information for this

8  litigation;

9          (b)   the officers, directors, and employees (including in house counsel) of

10  the receiving party to whom disclosure is reasonably necessary for this litigation, unless the

11  parties agree that a particular document or material produced is for Attorney's Eyes Only and

12  is so designated;

13          (c)   experts and consultants to whom disclosure is reasonably necessary for

14  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

15  (Exhibit A);

16          (d)   the court, court personnel, and court reporters and their staff;

17          (e)   copy or imaging services retained by counsel to assist in the duplication

18  of confidential material, provided that counsel for the party retaining the copy or imaging

19  service instructs the service not to disclose any confidential material to third parties and to

20  immediately return, or certify destruction of, all originals and copies of any confidential

21  material;

22          (f)   during their depositions, witnesses in the action to whom disclosure is

23  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

24  Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

25  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential

26

27

28

AMENDED STIPULATED PROTECTIVE ORDER - 5

Case No. No. 2:17-cv-01190
HOU:3840216.1

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

1  material must be separately bound by the court reporter and may not be disclosed to anyone

2  except as permitted under this agreement;

3           (g)     the author or recipient of a document containing the information or a

4  custodian or other person who otherwise possessed or knew the information.

5      4.3     Filing Confidential Material. Before filing confidential material or discussing

6  or referencing such material in court filings, the filing party shall confer with the designating

7  party to determine whether the designating party will remove the confidential designation,

8  whether the document can be redacted, or whether a motion to seal or stipulation and proposed

9  order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and

10  the standards that will be applied when a party seeks permission from the court to file material

11  under seal.

12  5.    DESIGNATING PROTECTED MATERIAL

13      5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

14  party or non-party that designates information or items for protection under this agreement

15  must take care to limit any such designation to specific material that qualifies under the

16  appropriate standards. The designating party must designate for protection only those parts of

17  material, documents, items, or oral or written communications that qualify, so that other

18  portions of the material, documents, items, or communications for which protection is not

19  warranted are not swept unjustifiably within the ambit of this agreement.

20      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

21  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

22  unnecessarily encumber or delay the case development process or to impose unnecessary

23  expenses and burdens on other parties) expose the designating party to sanctions.

24      If it comes to a designating party's attention that information or items that it designated

25  for protection do not qualify for protection, the designating party must promptly notify all

26  other parties that it is withdrawing the mistaken designation.

27

28
                                          **GORDON REES SCULLY**
                                          **MANSUKHANI, LLP**
                                          701 5th Avenue, Suite 2100
AMENDED STIPULATED PROTECTIVE ORDER - 6   Seattle, WA 98104
                                          Ph: 206-695-5100
Case No. No. 2:17-cv-01190                Fax: 206-689-2822
HOU:3840216.1

1    5.2    Manner and Timing of Designations. Except as otherwise provided in this

2  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

3  ordered, disclosure or discovery material that qualifies for protection under this agreement

4  must be clearly so designated before or when the material is disclosed or produced.

5         (a)    Information in documentary form: (*e.g.*, paper or electronic documents

6  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

7  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

8  contains confidential material. If only a portion or portions of the material on a page qualifies

9  for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

10  making appropriate markings in the margins).

11         (b)    Testimony given in deposition or in other pretrial proceedings: the

12  parties and any participating non-parties must identify on the record, during the deposition or

13  other pretrial proceeding, all protected testimony, without prejudice to their right to so

14  designate other testimony after reviewing the transcript. Any party or non-party may, within

15  fifteen days after receiving the transcript of the deposition or other pretrial proceeding,

16  designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party

17  desires to protect confidential information at trial, the issue should be addressed during the

18  pre-trial conference.

19         (c)    Other tangible items: the producing party must affix in a prominent

20  place on the exterior of the container or containers in which the information or item is stored

21  the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant

22  protection, the producing party, to the extent practicable, shall identify the protected

23  portion(s).

24    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

25  designate qualified information or items does not, standing alone, waive the designating

26  party's right to secure protection under this agreement for such material. Upon timely

27

28

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100

AMENDED STIPULATED PROTECTIVE ORDER - 7      Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

Case No. No. 2:17-cv-01190
HOU:3840216.1

1  correction of a designation, the receiving party must make reasonable efforts to ensure that the

2  material is treated in accordance with the provisions of this agreement.

3  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4        6.1    Timing of Challenges. Any party or non-party may challenge a designation of

5  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

6  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

8  challenge a confidentiality designation by electing not to mount a challenge promptly after the

9  original designation is disclosed.

10       6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

11 regarding confidential designations without court involvement. Any motion regarding

12 confidential designations or for a protective order must include a certification, in the motion or

13 in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

14 conference with other affected parties in an effort to resolve the dispute without court action.

15 The certification must list the date, manner, and participants to the conference. A good faith

16 effort to confer requires a face-to-face meeting or a telephone conference.

17       6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

18 intervention, the designating party may file and serve a motion to retain confidentiality under

19 Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden

20 of persuasion in any such motion shall be on the designating party. Frivolous challenges, and

21 those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and

22 burdens on other parties) may expose the challenging party to sanctions. All parties shall

23 continue to maintain the material in question as confidential until the court rules on the

24 challenge.

25

26

27

28

AMENDED STIPULATED PROTECTIVE ORDER - 8

Case No. No. 2:17-cv-01190
HOU:3840216.1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Ph: 206-695-5100
Fax: 206-689-2822

1   7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

2   OTHER LITIGATION

3        If a party is served with a subpoena or a court order issued in other litigation that

4   compels disclosure of any information or items designated in this action as

5   "CONFIDENTIAL," that party must:

6                    (a)    promptly notify the designating party in writing and include a copy of

7   the subpoena or court order;

8                    (b)    promptly notify in writing the party who caused the subpoena or order

9   to issue in the other litigation that some or all of the material covered by the subpoena or order

10  is subject to this agreement. Such notification shall include a copy of this agreement; and

11                   (c)    cooperate with respect to all reasonable procedures sought to be pursued

12  by the designating party whose confidential material may be affected.

13  8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14       If a receiving party learns that, by inadvertence or otherwise, it has disclosed

15  confidential material to any person or in any circumstance not authorized under this

16  agreement, the receiving party must immediately (a) notify in writing the designating party of

17  the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

18  protected material, (c) inform the person or persons to whom unauthorized disclosures were

19  made of all the terms of this agreement, and (d) request that such person or persons execute

20  the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

21  9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

22  PROTECTED MATERIAL

23       When a producing party gives notice to receiving parties that certain inadvertently

24  produced material is subject to a claim of privilege or other protection, the obligations of the

25  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

26  provision is not intended to modify whatever procedure may be established in an e-discovery

27

28

AMENDED STIPULATED PROTECTIVE ORDER - 9

Case No. No. 2:17-cv-01190
HOU:3840216.1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

1  order or agreement that provides for production without prior privilege review. The parties

2  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

3  10.    NON TERMINATION AND RETURN OF DOCUMENTS

4        Within 60 days after the termination of this action, including all appeals, each

5  receiving party must return all confidential material to the producing party, including all

6  copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate

7  methods of destruction.

8        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

9  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

10  deposition and trial exhibits (except for exhibits containing PHI, which must be redacted,

11  returned, or destroyed), expert reports, attorney work product, and consultant and expert work

12  product, even if such materials contain confidential material.

13        The confidentiality obligations imposed by this agreement shall remain in effect until a

14  designating party agrees otherwise in writing or a court orders otherwise.

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17                                        AXELROD LLP

18

19  DATED: April 13, 2018            */s/ Robert J. Axelrod*
                                     Robert J. Axelrod, *Pro Hac Vice*
20                                   830 Third Ave., 5th Floor
                                     New York, NY 10022
21                                   646-448-5263
                                     rjaxelrod@axelrodllp.com
22

23

24

25

26

27

28                                        **GORDON REES SCULLY**
                                          **MANSUKHANI, LLP**
                                          701 5th Avenue, Suite 2100
    AMENDED STIPULATED PROTECTIVE ORDER - 10    Seattle, WA 98104
                                          Ph: 206-695-5100
    Case No. No. 2:17-cv-01190            Fax: 206-689-2822
    HOU:3840216.1

1

YOSHIDA LAW FIRM PLLC

2

DATED: April 13, 2018

3

*/s/ D.K. Yoshida*
D.K. Yoshida, WSBA #17365

4

2025 First Avenue, Suite 1200
Seattle, WA 98121

5

206-456-7900
Fax: 206-456-7901

6

dyoshida@yoshidalawfirm.com

7

**Attorneys for Plaintiff**

8

**Puget Sound Surgical Center P.S.**

9

SEYFARTH SHAW LLP

10

DATED: April 13, 2018

11

*/s/ Eric McDonough*
Eric McDonough, *Pro Hac Vice*

12

2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

13

310-201-5200
emcdonough@seyfarth.com

14

15

JENSEN MORSE BAKER

16

DATED: April 13, 2018

17

*/s/ Sarah E. Swale*
Steven Douglas Jensen

18

Sarah E. Swale
216 First Ave S., Ste 204

19

Seattle, WA 98104
206-682-1550

20

sarah.swale@jmblawyers.com

21

steve.jensen@jmblawyers.com

22

**Attorneys for Defendant**
**Sound Health & Wellness Trust Plan**

23

24

25

26

27

GORDON REES SCULLY

28

MANSUKHANI, LLP
701 5th Avenue, Suite 2100

AMENDED STIPULATED PROTECTIVE ORDER - 11

Seattle, WA 98104
Ph: 206-695-5100

Case No. No. 2:17-cv-01190

Fax: 206-689-2822

HOU:3840216.1

1  |  GORDON REES SCULLY
2  |  MANSUKHANI, LLP

3  | DATED: April 13, 2018  |  */s/ Matthew G. Kleiner*
4  |  Matthew G. Kleiner, *Pro Hac Vice*
   |  101 W. Broadway, Ste. 2000
5  |  San Diego, CA 92101
   |  619-230-7419
6  |  mkleiner@grsm.com

7

8  | DATED: April 13, 2018  |  */s/ Sarah N. Turner*
   |  Sarah N. Turner, WSBA #37748
9  |  701 Fifth Avenue, Suite 2100
   |  Seattle, WA 98104
10 |  206-695-5100
11 |  sturner@grsm.com

12
13 |  ANDREWS KURTH KENYON

14 | DATED: April 13, 2018  |  */s/ Courtney Glaser*
15 |  John Shely, *Pro Hac Vice*
   |  Courtney Glaser, *Pro Hac Vice*
16 |  600 Travis Street, Ste. 4200
   |  Houston, TX 77002
17 |  713-220-4123
18 |  jshely@andrewskurth.com
   |  cglaser@andrewskurth.com
19

20 |  **Attorneys for Defendants**
   |  **Aetna Life Insurance Company; Aetna,**
21 |  **Inc.; Bechtel Jacobs Company LLC**
   |  **Health and Welfare Plan; Amtrak**
22 |  **Health Care Plan; America Health**
   |  **Care Plan; Nordstrom, Inc. Classic**
23 |  **Plan; Starbucks Health Care Plan;**
   |  **Costco Wholesale Health Plan**
24
25
26
27 |  **GORDON REES SCULLY**
28 |  **MANSUKHANI, LLP**
   |  701 5th Avenue, Suite 2100
AMENDED STIPULATED PROTECTIVE ORDER - 12  |  Seattle, WA  98104
   |  Ph: 206-695-5100
Case No. No. 2:17-cv-01190  |  Fax: 206-689-2822
IIOU:3840216.1

1   PURSUANT TO STIPULATION, IT IS SO ORDERED

2       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

3   any documents in this proceeding shall not, for the purposes of this proceeding or any other

4   proceeding in any other court, constitute a waiver by the producing party of any privilege

5   applicable to those documents, including the attorney-client privilege, attorney work-product

6   protection, or any other privilege or protection recognized by law.

7   DATED: 16 April 2018

8

9

    Honorable James L. Robart

10       United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED STIPULATED PROTECTIVE ORDER - 13

Case No. No. 2:17-cv-01190
HOU:3840216.1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1142750/37412552v

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington on

[date] in the case of *Puget Sound Surgical Center P.S. v. Aetna Life Insurance Company, et
al.*, No. 2:17-cv-01190. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Dated this _____ day of _____, 2018.

AMENDED STIPULATED PROTECTIVE ORDER - 14

Case No. No. 2:17-cv-01190
HOU:3840216.1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822