UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND SURGICAL CENTER P.S.<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY, AETNA, INC., AMTRAK HEALTH CARE PLAN, ANCHORAGE SCHOOL DISTRICT ACTIVE EMPLOYEE OPEN CHOICE PPO MEDICAL PLAN, BECHTEL JACOBS COMPANY LLC HEALTH AND WELFARE PLAN, STATE OF ALASKA ALASKACARE EMPLOYEE HEALTH PLAN, BANK OF AMERICA HEALTH CARE PLAN, NORDSTROM, INC. CLASSIC PLAN, STARBUCKS HEALTH CARE PLAN, COSTCO WHOLESALE HEALTH PLAN, SOUND HEALTH AND WELLNESS TRUST PLAN, WESTCO HEALTH PLAN, LOCKHEED MARTIN CORPORATION TOTAL HEALTH PLAN, and ADOBE SYSTEMS, INC. GROUP WELFARE PLAN<br><br>Defendants. | NO. 2:17-cv-01190-JLR<br><br>STIPULATED MOTION AND [PROPOSED] ORDER TO CONTINUE DISCOVERY CUT-OFF DEADLINE<br><br>NOTED ON MOTION CALENDAR:<br><br>MARCH 7, 2019 |

## I.   STIPULATION

The parties to this action, by and through their undersigned counsel of record, hereby jointly request an extension of the discovery related deadlines. The parties, do not seek a continuance of the trial date or trial-related deadlines. The parties have exceptional good cause to

**STIPULATED MOTION AND [PROPOSED] ORDER
TO CONTINUE DISCOVERY CUT-OFF DEADLINE -1**

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115

request relief from the current discovery deadline because the parties, after already conducting substantial written discovery and exchanging nearly 15,000 documents, agree that a private mediation is now necessary to see if the parties can resolve the dispute informally before completing costly depositions that will require travel across the entire country. The parties explain in more detail below:

1. Plaintiff Puget Sound Surgical Center filed this action against Aetna Life Insurance Company and twelve named health plans as defendants. Plaintiff's First Amended Complaint seeks additional payment for medical services rendered in connection with bariatric weight loss surgery, among other procedures. (Dkt. 1 and 83). Plaintiff produced claim spreadsheets and documents identifying the underlying claims for health benefits at issue in this matter. The materials Plaintiff produced identify 688 underlying claims involving 65 different health plans. In total, Plaintiff produced 1,165 pages of documents.

2. Upon receipt of the Plaintiff's documents and spreadsheets, Aetna promptly began the process of gathering the applicable health benefit plan documents and claim file materials for the 688 underlying claims at issue. Due to the large number of claims and sensitive nature of the information contained the documents, this process took far longer than originally anticipated and ultimately lead to the parties having to request a trial continuance. (Dkt. 75 and 79.)

3. Ultimately, Aetna produced more than 12,000 documents to date. These documents produced were reviewed for relevance, privilege, and ensuring that all HIPAA and personal health information was redacted. Aetna is in the process of gathering additional documents and will be producing those as soon as possible. Aetna anticipates producing several thousand more plan related documents.

4. Plaintiff propounded Interrogatories, Requests for Production, and Requests for Admission on Aetna as well as each plan defendant. Aetna has also propounded Interrogatories,

**STIPULATED MOTION AND [PROPOSED] ORDER TO CONTINUE DISCOVERY CUT-OFF DEADLINE -2**

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115

Requests for Admission, and Requests for Production. Generally, the written discovery seeks information related to the 688 underlying claims and the plans involved in this litigation, which makes responding to the requests a very time-consuming task. Aetna has responded to the written discovery and the parties have met and conferred regarding those responses. Plaintiff anticipates that substantial time will be spent responding to Aetna's discovery as well.

5. The parties have been working together cooperatively to conduct the discovery in this matter as efficiently as is practicable. This includes working together to schedule depositions for representatives of Aetna and Puget Sound Surgical Center. These depositions are going to take place all over the United States and involves one witness who is currently in India. The parties have discussed dates for the depositions and during that process agreed that before substantial time and money is expended taking depositions in Hartford, New York, Seattle, among other locations, mediation should be conducted to see if an informal resolution can be reached.

6. The parties have agreed to mediate this matter in the week of April 27 through May 3, 2019 and are in the process of selecting a mediator. In an effort to conserve resources that may not need to be expended to finish discovery and depositions by the current discovery deadline of April 1, the parties request that the Court continue the following discovery related deadlines to the following dates:

| Deadline | Current Date | New Date Requested |
|---|---|---|
| Disclosure of expert testimony under FRC 26(a)(2) | March 20, 2019 | May 30, 2019 |
| All motions related to discovery must be filed by (*see* LCR 7(d)) | April 19, 2019 | June 11, 2019 |
| Discovery completed by | April 1, 2019 | June 7, 2019 |

**STIPULATED MOTION AND [PROPOSED] ORDER
TO CONTINUE DISCOVERY CUT-OFF DEADLINE -3**

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115

7.  Under these unique circumstances, where a large number of claims are at issue, a tremendous amount of information has already been exchanged, and the parties would like to mediate before incurring additional expenses to complete discovery and take depositions, good cause exists for an extension of the discovery cut-off deadlines as requested above. Additionally, the parties believe that they can be ready for trial as set for September 16, 2019 if they are not able to resolve the case informally in the agreed to mediation.

8.  The parties have made this request in a timely manner, as the discovery cut-off is not until April 1, 2019.

Respectfully submitted this 8th day of March, 2019.

AXELROD LLP

By /s/ Robert J. Axelrod
    Robert J. Axelrod, *Pro Hac Vice*
    800 Third Ave., Suite, 2800
    New York, NY 10022
    Tel.: 646.448.5263
    rjaxelrod@axelrodllp.com


YOSHIDA LAW FIRM PLLC

By /s/ D.K. Yoshida
    D.K. Yoshida, WSBA #17365
    2025 First Avenue, Suite 1200
    Seattle, WA 98121
    Tel.: 206.456.7900
    Fax: 206.456.7901
    dyoshida@yoshidalawfirm.com

**Attorneys for Plaintiff
Puget Sound Surgical Center P.S.**

**STIPULATED MOTION AND [PROPOSED] ORDER
TO CONTINUE DISCOVERY CUT-OFF DEADLINE -4**

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115

SEYFARTH SHAW LLP

By /s/ Eric McDonough
   Eric McDonough, *Pro Hac Vice*
   2029 Century Park East, Suite 3500
   Los Angeles, CA 90067-3021
   Tel.: 310.201.5200
   emcdonough@seyfarth.com


JENSEN MORSE BAKER PLLC

By /s/ Sarah E. Swale
   Steven Douglas Jensen, WSBA #26495
   Sarah E. Swale, WSBA #29626
   1809 Seventh Avenue, Suite 410
   Seattle, WA 98101
   Tel.: 206.682.1550
   sarah.swale@jmblawyers.com
   steve.jensen@jmblawyers.com

**Attorneys for Defendant**
**Sound Health & Wellness Trust Plan**


GORDON REES SCULLY MANSUKHANI, LLP

By /s/ Sarah Turner
   Sarah Turner, WSBA #37748
   701 Fifth Avenue, Suite 2100
   Seattle, WA 98104
   Tel.: 206.695.5100
   sturner@grsm.com


**Attorneys for Defendants**
**Aetna Life Insurance Company; Aetna, Inc.;**
**Bechtel Jacobs Company LLC Health and**
**Welfare Plan; Amtrak Health Care Plan;**
**America Health Care Plan; Nordstrom, Inc.**
**Classic Plan; Starbucks Health Care Plan;**
**Costco Wholesale Health Plan**

**STIPULATED MOTION AND [PROPOSED] ORDER**
**TO CONTINUE DISCOVERY CUT-OFF DEADLINE -5**

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115

## II.  ORDER

The Court hereby finds that good cause exists to grant the requested relief and that an extension of the discovery cut-off and expert disclosure deadlines are necessary due to the exceptional circumstances of agreeing to conduct mediation before proceeding with expensive discovery that may not prove necessary. The discovery cut-off deadline is hereby extended and the case schedule set forth in the Court's August 14, 2018 Order is hereby amended as follows:

| | |
|---|---|
| Disclosure of expert testimony under FRC 26(a)(2) | May 30, 2019 |
| All motions related to discovery must be filed by (*see* LCR 7(d)) | June 11, 2019 |
| Discovery completed by | June 7, 2019 |

The remaining trial and pre-trial deadlines shall remain the same as set forth in the Court's August 14, 2018 Order. *The parties should understand that the court is disinclined to extend any other case deadlines.*

**IT IS SO ORDERD.**

DATED: *March 8*, 2019.

_____
Honorable James L. Robart
United States District Court Judge

**STIPULATED MOTION AND [PROPOSED] ORDER
TO CONTINUE DISCOVERY CUT-OFF DEADLINE -6**

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115