UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND SURGICAL CENTER, PS,<br><br>        Plaintiff,<br><br>   v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>        Defendant. | CASE NO. C17-1190JLR<br><br>ORDER |

Before the court is the parties' stipulated motion to continue the discovery cut-off deadline, the deadline for disclosure of expert testimony, the deadline for motions related to discovery, and the deadline for dispositive motions and motions challenging expert witness testimony. (Stip. Mot. (Dkt. # 88).) The parties do not seek an extension of the trial date or trial-related deadlines. (*Id.* at 2.) The court has considered the motion and, as described below, DENIES the parties' request.

1 | The parties indicate that they need a continuation of the above deadlines because, despite working diligently, they will be unable to complete discovery by the current June 7, 2019, deadline. (*Id.* at 2-3; *see also* 3/11/19 Stip. Order (Dkt. # 87) at 3-4 (extending the discovery cut-off deadline from April 1, 2019, to June 7, 2019).) The court has already granted multiple extensions in this matter. The court originally set trial in this matter for March 18, 2019—more than 18 months after Plaintiffs filed their complaint—and set a case schedule based on that trial date. (*See* Sched. Order (Dkt. # 57) at 1; *see also* Compl. (Dkt. # 1) (indicating a filing date of August 7, 2017).) On August 14, 2018, the court granted the parties' stipulated motion to extend the trial date and all other case deadlines by approximately six months—to September 16, 2019—based on the parties' representations that they needed additional preparation time. (8/7/18 Stip. Order (Dkt. # 79).) The trial is now set for more than two years after the case was filed. (*See id.*) On March 11, 2019, the parties again requested an extension of the discovery cut-off deadline, the deadline for discovery-related motions, and the deadline for disclosing expert testimony, which the court granted. (*See* 3/11/19 Stip. Order.)

The parties have had plenty of time to complete discovery in this matter even given its complexity. Other parties appearing before this court have prepared far more complex cases in less time than the court has afforded to the present matter. In any event, the court's initial scheduling order expressly provides that the court does not recognize "the failure to complete discovery within the time allowed" as "good cause" for an extension of the case schedule. (Sched. Order at 2.)

//

Here, the parties do not seek an extension of the trial date, but rather an extension of only the expert witness disclosure deadline, the discovery and discovery motions deadlines, and the dispositive and expert witness motions deadlines. (*See* Stip. Mot. at 3.) The problem with this request is that the dispositive and expert witness motions deadline is presently set for June 18, 2019, which is approximately 90 days prior to the September 16, 2019, trial date. (*See* 8/14/18 Stip Order at 8.) If the court were to move the dispositive and expert witness motions deadline to July 19, 2019, the gap between that deadline and the trial date would be reduced to less than 60 days. The court issues scheduling orders setting the trial and related dates to provide a reasonable schedule for the resolution of disputes. The schedule generally provides approximately 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id.* at LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan accordingly for trial or an alternate resolution. Thus, the court is unwilling to steal time from this 90-day period to provide additional discovery time for the parties.

Nevertheless, the court is not without some flexibility with respect to the parties' case schedule. The court will not simply extend the parties' trial date by a month or two to recoup 90 days between the parties' requested July 19, 2019, dispositive and expert witness motions deadline and the trial date. Doing so might imperil trial dates that the

court has set in other matters for parties who have timely prepared their cases.  The court is willing, however, to move this matter to the end of its trial calendar and issue a new scheduling order based on that new trial date for any deadlines that have not already lapsed.  In deciding whether to accept this alternative, the parties should be aware that the court is presently scheduling trials in the fall of 2020.  If the parties agree on this alternative, they should so inform the court within seven days of the filing date of this order.

Dated this 30th day of May, 2019.

JAMES L. ROBART
United States District Judge